FILED
SUPERIOR COURT
OF GUAM

2025 JAN 21 AM 9: 06

CLERK OF COURT

BY:_____

**IN THE SUPERIOR COURT OF GUAM**

| | |
|---|---|
| JUANITA ARCEO,<br><br>Plaintiff,<br><br>vs.<br><br>CULGUAM, INC. doing business as COST-U-LESS EPXRESS and JOHN DOE INSURANCE COMPANY,<br><br>Defendants. | CASE NO. <u>CV0397-20</u><br><br>**ORDER RE PLAINTIFF'S MOTION TO COMPEL DISCOVERY AND FOR LEAVE TO AMEND COMPLAINT** |

The Court reviews Plaintiff Juanita Arceo's Motion to Compel Discovery and for Leave to Take Depositions filed February 29, 2024, and Arceo's Motion for Leave to Amend Complaint filed April 5, 2024. Having reviewed the record, parties' briefs, and the relevant laws, the Court finds that Arceo cannot move for leave to amend the complaint unless the judgment from the second trial is reopened under the Guam Rules of Civil Procedure (GRCP) 59 or 60. The Court also hereby DENIES Arceo's request to allow for post-judgment discovery. The Court, however, GRANTS sanctions against Defendant CULGUAM, Inc., doing business as Cost-U-Less Express (hereafter "Cost-U-Less" or "Culguam"), and Camacho Calvo Law Group LLC.

## I. FACTUAL AND PROCEDURAL BACKGROUND

### A. Procedural History

Arceo filed her complaint against Defendants Culguam and John Doe Insurance Company on June 18, 2020, claiming she was injured on May 4, 2020, inside a Cost-U-Less

store in Chalan Pago. Arceo included John Doe Insurance Company as a party under 22 GCA § 18305 which states that "on any policy of liability insurance the injured person or his heirs or representatives shall have a right of direct action against the insurer within the terms and limits of the policy." It further states this action "may be brought against the insurer alone, or against both the insured and the insurer." 22 GCA § 18305. A jury trial was held from August 22 to August 31, 2022, where the jury returned a verdict in favor of Culguam.

The Court granted Arceo's motion for a new trial under GRCP 59 because of jury misconduct. A second jury trial was held from December 11, 2023, to December 19, 2023. During the second trial, the Court suggested removing John Doe Insurance Company from the verdict form based on the belief that there was an absence of outside insurance. Both parties agreed. The jury returned a verdict on December 21, 2023, in favor of Arceo. Arceo was awarded damages in the amount of Two Million Seven Hundred Fifty-One Thousand One Hundred Seventy Dollars and No/100 ($2,751,170.00).

On January 12, 2024, Culguam filed a Motion for a New Trial pursuant to GRCP 59(a) and a Motion for Stay of Execution of Judgment Pursuant to GRCP 62(b). In the Motion for Stay of Execution, Culguam disclosed for the first time the existence of an outside insurance carrier, stating "it is important to note that Cost-U-Less's general liability insurance carrier is Allianz Commercial." Mot. Stay of Execution (Jan. 12, 2024). It is this revelation which spurs Arceo's Motion to Compel Discovery and Motion for Leave to Amend Complaint.

**B. Record of Denial of Insurance Coverage**

Arceo first suggested the existence of an outside insurance carrier in her original Complaint alleging that Culguam was covered by a premise liability insurance policy and/or a general liability insurance policy issued by John Doe Insurance. Compl. ¶ 22 (Jun. 18, 2020).

On August 24, 2020, Culguam filed its answer to the Complaint and denied premise liability insurance. Answer ¶ 12 (Aug. 24, 2020). This is the **first instance** of Culguam denying the existence of insurance coverage by Allianz.

The **second instance** occurred on February 19, 2021, when Culguam sent an email to Plaintiff's attorney Matt Holley stating that Culguam was self-insured. Decl. of Geri Diaz ¶ 4 (Mar. 28, 2024).

The **third instance** occurred on July 22, 2021, when Culguam provided its initial disclosures to Arceo. In Culguam's Rule 26(A)(1) Initial Disclosures, they state "Defendant COST-U-LESS is not aware of any insurance agreement that may satisfy part or all of a judgment which may be entered in this matter or may indemnify or reimburse payments made to satisfy a judgment." Mot. Compel Disc. Ex. A at 3 (Feb 29, 2024).

The **fourth instance** occurred on October 15, 2021, in Defendant Culguam, Inc.'s Response to Plaintiff's First Set of Requests for Production of Documents dated September 16, 2021. Arceo requested Culguam provide the insurance policy or coverage relating to the incident. Culguam responded stating "none." *Id.* Ex. B-1 at 2.

Under GRCP 26(g)(1) disclosures are to be signed by an attorney, where the signature "constitutes a certification that to the best of the signer's knowledge, information, and belief, formed after a reasonable inquiry, the disclosure is complete and correct as of the time it is made." Given that Culguam had knowledge of the existence of insurance by Allianz, the Court finds each supplemental disclosure submitted by Culguam where they deny or fail to mention the existence of Allianz a violation of GRCP 26(g)(1). As such, the **fifth through twelfth instances** occurred on:

> January 13, 2022,
> January 17, 2022,
> March 2, 2022,
> March 31, 2022,
> April 1, 2022,
> April 13, 2022,
> June 17, 2022, and
> June 20, 2022

when Culguam failed to disclose the existence of the Allianz insurance policy in its First through Eighth Supplemental Disclosures. *Id.* Ex. A-1, A-2, A-3, A-4, A-5, A-6, A-7, A-8.

It should be noted that Culguam <u>explicitly denied</u> insurance coverage in its Fifth Supplemental Initial Disclosures stating, **"Defendant COST-U-LESS is not aware of any insurance agreement that may satisfy part or all of a judgment which may be entered in this matter or may indemnify or reimburse payments made to satisfy a judgment."** *Id.* Ex. A-5.

The **thirteenth instance** of denial occurred during the second jury trial on December 19, 2023. The Court suggested the removal of John Doe Insurance Company from the verdict form. Below is the transcript from the trial:

> *THE COURT: There was one other change on the verdict form I was going to suggest. It says, "Juanita Arceo, Plaintiff, v. CUL Guam, Inc., dba Cost-U-Less, and John Doe Insurance Company, Defendants."* **Can we take out that "John Doe Insurance Company?" Yes? Okay. No objection?**
>
> *MS. DIAZ:* **No objection.**
>
> *THE COURT: And it'll just say Defendant? Okay. We'll fix it that way. All right. Ten minutes.*
>
> *MS. DIAZ:* **Okay.**

Transcript at 153-54 (Jury Trial, Dec. 19, 2023).

At this point it is clear that Culguam had a duty of candor to the tribunal to disclose the existence of Allianz. In failing to object to the Court's suggestion, Culguam directly purported to the Court that there was no outside insurance company.

## II.     **LAW AND DISCUSSION**

### A. Motion for Leave to Amend Complaint

The Court first addresses Arceo's April 5, 2024, Motion for Leave to Amend Complaint. Arceo requests to amend the Complaint to add Allianz as a party to ensure Arceo can fully enforce the judgment. Pl.'s Reply to Def.'s Opp'n Mot. to Pl.'s Mot. Am. Compl. at 6 (May 17, 2024). As stated above, under 22 GCA § 18305, Arceo is entitled to a right of direct action against the insurer and may bring an action against the insurer alone, or against both the insured and the insurer. Arceo argues that because of this right, she is entitled to liberally amend her complaint under GRCP 15. Arceo cites to GRCP 15(a), (b), and (c)(3) in arguing for liberal leave to amend her complaint. *Id.* at 5.

Under GRCP 15(a), "a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." While the Court recognizes the importance of permitting liberal leave to amend complaints, the Court agrees with Culguam that for the Complaint to be amended under GRCP 15(a), the judgment must first be reopened under GRCP 59 or 60.

Specifically, the Court references the Guam Supreme Court's analysis in *Town House v. Ahn II*, 2003 Guam 6. The court stated that "in order to be granted leave to amend, the movant must first satisfy the criteria to set aside a judgment." *Id.* ¶ 62. The Supreme Court further cited to *Cooper v. Shumway*, 780 F.2d 27, 29 (10th Cir. 1985) stating "once judgment is entered the filing of an amended complaint is not permissible until judgment is vacated pursuant to

Fed.R.Civ.P.59(e) or 60(b)." Arceo argues that *Town House* does not "categorically preclude the possibility of amendment in all circumstances" and that "courts have consistently held that amendments should be granted liberally to serve the interests of justice." Pl.'s Reply to Def.'s Opp'n Mot. to Pl.'s Mot. Am. Compl. at 6 (May 17, 2024). Arceo, however, fails to point to instances where courts have allowed for amendments after judgment has been entered.

This Court also references *United States ex rel. Atkins v. McInteer*, 470 F.3d 1350 (11th Cir. 2006), cited by Arceo to "underscore the importance of permitting amendments." *Id.* at 7. The Court finds, however, that *McInteer* further supports Culguam's position, as the court held that Rule 15(a) did not apply once final judgment was entered for the defendant and that "post-judgment, the plaintiff may seek leave to amend if he is granted relief under Rule 59(e) or Rule 60(b)(6)." *McInteer*, 40 F.3d n. 22. It has consistently been held by courts that Rule 15(a) applies prior to judgment is entered. *Proskauer Rose, LLP v. Blix Street Records, Inc.* 384 Fed. Appx. 622 ¶ 4 ("a Rule 15(a) motion may be considered only if the judgment is first reopened under Rule 50 or Rule 60"); *Jacobs v. Tempur-Pedic Intern*, 626 F.3d 1327 ("post-judgment, a plaintiff may seek leave to amend his complaint if he is granted relief pursuant to a motion to alter or amend the judgment or motion for relief from the judgment").

Arceo also argues that Under GRCP 15(b) she should be granted leave to amend as an amendment to conform to the evidence. GRCP 15(b) states that "When issues not raised by the pleadings are *tried* by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made by motion of any party at any time, even after judgment" (emphasis added). The Court, again, agrees with Culguam that Arceo is unable to obtain relief under GRCP 15(b). Culguam states

that the insurance carrier and policy were never *litigated* at trial, and therefore the issue of the insurance policy was not sufficiently "tried" by consent of the parties. The Court finds this persuasive.

Finally, Arceo points to GRCP 15(c)(3), which states that an amendment of a pleading relates back to the date of the original pleading when "the amendment changes the party or the naming of the party against whom a claim is asserted if the foregoing provision (2) is satisfied and, within the period provided by Rule 4(m) for service of the summons and complaint, the party to be brought in by amendment (A) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (B) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would not have been brought against the party." Rule 4(m) provides "if service of the summons and complaint is not made upon defendant within 180 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to the defendant or direct that service be effected within a specific time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period." The Court finds that Rule 15(c)(3) is inapplicable as the time period provided by Rule 4(m) is no longer in effect. Trial has already occurred, making an extension for the time for service impracticable.

Arceo must re-open the latest judgment under GRCP 59 or 60 to amend the Complaint. Additionally, Arceo states that the primary purpose of adding Allianz as a party is to ensure the judgment can be enforced. The Court believes amending the Complaint is not necessary to achieve this end.

## B. Motion to Compel Discovery

The Court next addresses Arceo's February 29, 2024, Motion to Compel Discovery and for Leave to Take Depositions. Arceo files this motion to preserve additional bases for a new trial under GRCP 59 and 60, "to clarify Allianz's stance on coverage and its adequacy in satisfying the judgment," and to "inform the appropriate course of action, which may include the consideration of sanctions." Mot. Compel Disc. at 10 (Feb 29, 2024). Arceo requested a copy of the insurance information and policy details from Culguam on January 15, 2024, which Culguam provided on January 19, 2024. Am. Opp'n Pl.'s Mot. Compel Disc. at 3 (Mar. 28, 2024). Arceo then filed a Subpoena Duces Tecum on January 30, 2024, directed to Culguam requesting the following information:

1. All communication, including but not limited to emails, texts, letters and any other forms of correspondence (hereafter "communication") regarding insurance policy relating to our case between:
   a. Defendant's attorneys for the above matter and Defendant's agents, representatives, (this includes The North West Company);
   b. Defendant's attorneys for the above matter and Defendant's insurance (Allianz Global and Corporate & Specialty) agents, representative,
   c. Defendant's agents and representatives and Defendant's insurance (Allianz Global and Corporate & Specialty) agents and representatives.
2. All communication regarding insurance policy, insurance adjusters relating to the mediation that occurred with Mr. Lou Chang, a mediator from Hawaii.
3. All communications regarding any decision not to have the insurance company's agents or representative not participate in mediation, settlement, and trial.
4. All communication with insurance company's agents or representative regarding mediation, settlement, and trial.
5. All communication with insurance company regarding execution of judgment, payment for judgment or post-trial matters.

*Id.* at 4. Culguam claims that the information requested via the subpoena is irrelevant, as they have provided all statutorily required information on January 19, 2024. *Id.* at 6. Under GRCP 26(a)(1)(D) Culguam is required to provide "for inspection and copying as under Rule 34 any insurance agreement under which any person carrying on an insurance business may be liable to

satisfy part or all of a judgment which may be entered in the action or to indemnify or reimburse for payments made to satisfy the judgment." Further, Culguam asserts that the requested information is not material evidence for trial because of the jury instruction provided at the first and second trials. "Insurance. You must not consider whether any of the parties in this case has insurance. The presence or absence of insurance is totally irrelevant. You must decide this case based only on the law and evidence." *Id*. at 8. Culguam argues that this jury instruction makes the existence of insurance immaterial to Arceo's claim and presentation of evidence at both trials.

Given that Arceo has not filed a motion under Rules 59 or 60, the Court holds off on ruling about the potential for a new trial under these rules. At this point the Court determines that because a judgment has already been reached and the jury was instructed not to consider the existence of insurance, there is no need for granting further discovery or depositions.

## C. Imposition of Sanctions

Courts are entitled to grant sanctions under both the rules of civil procedure and through their inherent power to prevent abuses of the judicial process. *Phelps v. Wyeth, Inc.*, 280 F.R.D. 572, 575. The Court finds that Culguam violated GRCP 11, GRCP 26, and GRCP 37.

Culguam violated GRCP 11(b) during the second jury trial when they represented to the Court that there was no outside insurance company. GRCP 11(c) provides that the court may impose an appropriate sanction upon the attorneys, law firms, or parties "that have made false representations to the court, upon the court's own initiative." This rule is specific to when attorneys present to the court "(whether by signing, filing, submitting, or later advocating) a pleading, written motion, or other paper." Under GRCP 11(c)(1)(B) when the Court takes its

own initiative, an order must direct an attorney, law firm, or party to show cause why it has not violated GRCP 11(b).

Culguam violated GRCP 26(g)(1) when denying and/or failing to disclose the existence of Allianz in their supplemental disclosures to Arceo. As such, GRCP 26(g)(3) provides that "if without substantial justification a certification is made in violation of the rule, the court, upon motion or upon its own initiative, shall impose upon the person who made the certification, the party on whose behalf the disclosure, request, response, or objection is made, or both, an appropriate sanction, which may include an order to pay the amount of the reasonable expenses incurred because of the violation, including a reasonable attorney's fee."

GRCP 37(c) addresses failures to disclose information during discovery. Specifically, GRCP 37(c)(1) states that a party is subject to appropriate sanctions when they fail to disclose information required during discovery, or fail to amend a prior response in discovery, which may include payment of reasonable expenses, including attorney's fees, caused by the failure. This Court has outlined how Culguam failed to disclose information about Allianz, or actively misrepresented the existence of the outside insurance coverage.

For the court to impose sanctions pursuant to its inherent power it must find "bad faith or conduct tantamount to bad faith." *Tamares Las Vegas Properties, LLC v. Travelers Indem. Co.,* 696 F.Supp.3d 930, 951; *HH Associates, U.S., Inc. v. Evans,* 711 F. Supp. 3d 1196, 1206. The Court finds that Culguam acted in bad faith or conduct tantamount to bad faith by violating multiple rules of Guam Civil Procedure and making false representations to Arceo and the Court.

The Court finds a basis for monetary sanctions under Rules 26 and 37, under the Court's inherent authority, and potentially under Rule 11.

The Guam Supreme Court has discussed the appropriateness of sanctions, specifically sanctions for discovery violations, in *People v. Tuncap*. 1998 Guam 13. The court stated that sanctions must be proportionate to the misconduct and followed the test set out by the Fifth Circuit in *United States v. Sarcinelli* to decide appropriate sanctions. 667 F.2d 5, 7 (5th Cir. 1982). This test considers the following factors: 1) reasons why the disclosure was not made, 2) the extent of the prejudice, if any, to the opposing party, 3) the feasibility of rectifying that prejudice by a continuance, and 4) any other relevant circumstances. 1998 Guam 13 ¶ 25. The Court recognizes that this test is specific to sanctions for discovery violations and that Culguam has committed more than just discovery violations. As such, this test guides the Court's determination on appropriateness, however the Court considers additional factors in arriving to its final determination.

### 1. First Sarcinelli Factor

The Court considers the first factor of reasons why the disclosure was not made by Culguam. The Court heard these motions on September 16, 2024. Throughout the course of the hearing, Culguam repeatedly stated that they were self-insured up to one hundred thousand dollars ($100,000) and they did not value the case above that limit. Arceo consistently responded saying that their valuation of the judgment is irrelevant and what matters is that false statements were made about the existence of the insurance company. The Court asked Culguam, **"after three [separate] inquiries, why wasn't it disclosed?"** regarding the failure to disclose during discovery, disclosures, and during the second jury trial. Culguam stated that **"it was the same situation as before"** in reference to their internal valuation of the case not exceeding the self-insurance limit and further stated **"there was no additional discussion on it and [it would] reveal confidences."** The Court inquired again, stating **"the question was blunt"** to which

Culguam responded **"the reason for the non-disclosure was because we valued the case before under one hundred thousand dollars."** The Court then responded saying **"but that's not the question,"** to which Culguam responded **"right"** and nothing further.

The Court does not believe Culguam's explanation that their personal valuation of the case warrants a violation of the Guam Rules of Civil Procedure. Further, the Court finds that counsel failed to explain how confidences would be revealed by following the rules. As such, the Court finds that the reasons why disclosures were not made are insufficient.

### 2. The Second Sarcinelli Factor

The Court considers the second factor of the extent of prejudice to the opposing party. Here, the Court finds that these violations prejudiced Arceo by impacting her litigation strategy. Information on the presence of Allianz could have significantly altered the proceedings in this case, including the potential for settlement. Arceo herself details how she is considering undergoing a completely new trial, which would be the third trial for this case, upon disclosure of this information. In the September 16th hearing, Arceo stated that knowledge of the existence of insurance companies is important to strategy, settlement, and creating policy demands and as such are a "major tool for a plaintiff to effectively pursue justice." Because of the numerous violations, Arceo was left without these tools. While the Court cannot speculate on how things would have turned out if Culguam did not make false representations, the Court can determine that this was important information to Arceo's strategy which impacted the effort, time and money she invested in this case.

### 3. The Third Sarcinelli Factor

The Court now considers the third factor, the feasibility of rectifying that prejudice by a continuance. It is infeasible to rectify this prejudice, as the second jury trial has already

occurred. The Court heavily weighs this in determining sanctions at this point in the proceedings.

### 4. The Fourth Sarcinelli Factor

Finally, the Court considers additional relevant circumstances. The Court considers the entirety of the violations, not just the discovery violations. There are **thirteen instances** of Culguam making false representations about the existence of Allianz, and as such, **thirteen violations** of Guam Rules of Civil Procedure. Thirteen instances are a significant number of violations and warrants significant sanctions. The Court considers not just the number of violations but also the fact that multiple rules were violated. Additionally, the Court considers the types of violations. These were not minor, inconsequential errors. Culguam also had multiple opportunities to rectify their violations over the duration of the proceedings, from the first violation on August 24, 2020 to the last violation on December 19, 2023. Further, the Court emphasizes its belief that adherence to the rules, violated by Culguam, is essential to maintaining the integrity of the judicial system.

Per GRCP 26 and 37, the Court is entitled to impose sanctions as appropriate, which may include reasonable attorney's fees. Additionally, violation of GRCP 26 allows the Court to impose sanctions on both the person who made the certification and upon the party on whose behalf the disclosure is made. The Court looks at the test for determining appropriate sanctions and finds it is appropriate and reasonable for Culguam to be sanctioned ninety-five thousand dollars ($95,000.00) for litigation costs.[1] Of this, twenty-five thousand dollars ($25,000.00) of

---

[1] It is unclear Arceo's specific litigation costs; however, Guam law recognizes private firms bill their clients $200 to $350 per hour. *See* 5 GCA § 30201. Other courts have previously recognized attorney's fees in this price range. *See, e.g., Kennedy v. Kennedy,* DM0083-18 (Order

the sanctions are to be paid by Camacho Calvo Law Group LLC and fifty-thousand dollars ($50,000.00) are to be paid by Culguam, pursuant to the court's discretion to sanction both under GRCP 26. Separately, the Court determines that Arceo is entitled to attorney's fees in the value of twenty-thousand dollars ($20,000.00) to account for the costs associated with bringing the Motion for Leave to Amend Complaint and the Motion to Compel Discovery and for Leave to Take Depositions, as well as costs associated with attempting to procure information about Allianz throughout the entirety of the course of litigation. The attorney's fees of twenty-thousand dollars ($20,000.00) shall be paid by Camacho Calvo Law Group, LLC and Culguam equally.

The Court refrains from imposing sanctions under Rule 11.

/     /     /     /

/     /     /     /

/     /     /     /

/     /     /     /

/     /     /     /

/     /     /     /

/     /     /     /

/     /     /     /

/     /     /     /

---

Awarding Atty's Fees (May 31, 2022) (approving hourly rates between $200 and $350)); *Waathdad v. Cyfred*, CV0735-18 (Order Awarding Atty's Fees (May 31, 2023) (approving a $300 hourly rate)). Arceo filed her original complaint on June 18, 2020, and has been litigating this case consistently for the past four and a half years and is still undergoing litigation. This included mediation as well as two jury trials with expert witnesses flown in from off-island. As such, the Court believes $95,000 put towards the cost of litigation is reasonable.

## III.     **CONCLUSION AND ORDER**

The Court DENIES Arceo's Motion for Leave to Amend Complaint and DENIES

Arceo's Motion to Compel Discovery and for Leave to Take Depositions.  The Court, however,

ORDERS the imposition of sanctions on Defendant Culguam for seventy-five thousand dollars

($75,000.00) for litigation costs and twenty thousand dollars ($20,000) for attorney's fees.

Camacho Calvo Law Group LLC shall be responsible for twenty-five thousand dollars

($25,000.00) of the total seventy-five thousand dollar ($75,000.00) sanction and ten thousand

dollars ($10,000.00) of the total twenty-thousand dollars ($20,000.00) of attorney's fees.

SO ORDERED this 17th day of January, 2025.

THE HONORABLE JONATHAN R. QUAN
Magistrate Judge, Superior Court of Guam

**SERVICE VIA EMAIL**
I acknowledge that an electronic
copy of the original was e-mailed to:

Pacific Legal Team;
Camacho Calvo; A. Hemlani
Date: 1/17/25 Time: 9:18 am

Deputy Clerk, Superior Court of Guam